Reynolds, J.
The defendant’s tenement house, at the time of the fire by which plaintiff’s intestate lost her life, was occupied by five families, one on the first floor, and two on each of the two stories above.
It therefore came within the provisions of the act of 1873 (see Laws of 1873, c. 863, p. 1354, § 36). By that act it was made the duty of the owner to provide the building with such fire-escapes as should be directed and approved by the fire commissioners. By section 36 of the same chapter, it was also made his duty to provide a scuttle of proper size in the roof, and to have a ladder or stairway leading to the same ; such scuttle and stairway, or ladder, to be kept in readiness for use at all times. No fire-escape had ever been provided, and there had been no stairway or ladder leading to the scuttle for several years previous to the fire.
This statute was intended, among other things, for the protection and safety of occupants in' case of fire, and under it the landlord owes to such occupants the duty of providing the means of escape thus required by law.
If they sustain injury through his omission to discharge such duty, it seems to us clear, upon principle, that he should be held liable.
We concur in the reasoning of Judge McCue, in *103 the case of McAlpin v. Powell, so far as the same is. applicable to this case. The court of appeáls decided that the defendant in that case was not liable, for the reason that the deceased was upon the fire-escape (which was defective) when there was no fire, and therefore, upon an improper occasion. But the court says. “ It (the fire-escape) is an attachment to a certain class of tenant houses which are enumerated in the statute, which is erected especially for the protection of the occupants, and a duty is imposed upon the landlord and owner having in view that object” (70 N. Y. 126).
The plaintiff’s intestate, in the case before us, was smothered by the smoke from a fire in the lower part of the house where she lived, and we think there was evidence upon which the jury would have been justified in finding that she failed to escape, because the defendant had not provided the means required by the statute. This question should have been submitted to them.
The statute requires such fire-escapes to be provided “as should be directed and approved by the commissioners.” It appears that the board had, by a general order, directed how all fire-escapes on tenement houses and other buildings, as required by the law in question, should be constructed and put up. We think this was a sufficient direction under the statute, but if not, it would probably have been the duty of the defendant to seek the direction and approval of the commissioners, in the discharge of his obligation to his tenants.
For these reasons, a new trial should be granted, costs of appeal to the appellant to abide the event.
Neilson, Oh. J., concurred.