.FRANCIS SMILEY *vs.* GEORGE T. McLAUTHLIN.

Essex. Nov. 5, 1884. — Jan. 10, 1885. FIELD & C. ALLEN, JJ., absent.

Rent due under a written lease cannot be recovered under a count for use and occupation.

A lease under seal of a tract of land for the term of ten years, by A. to B., and afterwards assigned to C., contained the following provisions : " The party of the first part, in consideration of grading and opening the yard, &c., shall furnish clay, sand, and water the first year, commencing " on a day named, " free of expense to the party of the second part ; for nine successive years following, the party of the first part shall furnish to party of the second part same materials at the rate of twenty-five cents per thousand brick as they may count out of the kiln." It also provided that, if the clay on the premises should be exhausted before the lease expired, the lessee might use adjoining land to procure clay ; and that the lessee should " pay the said rent in semiannual payments." A new agreement under seal, changing some of the terms of the lease, was made before the assignment, by which the lessor agreed with the assignee " that, if he shall take an assignment of the lease aforesaid and proceed to manufacture bricks upon the premises covered thereby, then I will receive as rent " a certain sum " for each thousand bricks manufactured ; " and that " if clay pipe is manufactured upon the said premises, or if any other articles are manufactured from the clay thereon," the rent shall be determined in a certain manner. The lessee never manufactured any brick. *Held,* in an action upon the covenants of the lease, to recover rent while the defendant was in possession after the first year, that no rent had become due thereunder ; and that there was no implied covenant of the lease that the lessee should proceed and manufacture brick under it.

CONTRACT in two counts. The first count was for rent from August 17, 1878, to May 17, 1882, under the covenants of a written lease under seal; the second count was for use and occupation of the demised premises. In the Superior Court, the defendant demurred to both counts. *Blodgett,* J., sustained the demurrer as to the first count, and overruled it as to the second count; and the plaintiff excepted. The trial proceeded upon the second count ; a verdict was ordered for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*H. N. Merrill,* for the plaintiff.

*B. N. Johnson,* for the defendant.

MORTON, C. J. The plaintiff does not now contend that he can recover under his second count for use and occupation. It is clear that he cannot, as the only liability of the defendant, if any, is under a written lease under seal. *Warren* v. *Ferdinand,*

9 Allen, 357.   Under his first count, the plaintiff relies upon a lease under seal to the New England Metallic Brick Press Company, dated December 17, 1872, which was afterwards assigned to the defendant ; and upon a new agreement under seal, changing some of the terms of the lease which was made before the assignment.   The lease is a peculiar one.   By it the plaintiff leases to the lessee a tract of land for the term of ten years from March 1, 1873, upon the following terms : " The party of the first part, in consideration of grading and opening the yard, &c., shall furnish clay, sand, and water the first year, commencing March 1, 1873, free of expense to the party of the second part; for nine successive years following, the party of the first part shall furnish to party of the second part same materials at the rate of twenty-five cents per thousand brick as they may count out of the kiln."   The lessee covenants " to pay the said rent in semiannual payments."   The only rent to be paid by the lessee is " twenty-five cents per thousand brick as they may count out the kiln."   As the declaration alleges, and the fact is, that the lessee has never manufactured any brick, no rent has become due under the covenant, and the plaintiff cannot maintain this action for rent as rent.   But he contends that he can maintain the action to recover damages for the refusal by the lessee to manufacture brick, upon the ground that there is an implied covenant of the lease that the lessee shall proceed and manufacture brick under it.

The question whether there is such an implied covenant in the lease depends, like other questions of the construction of contracts, upon the intentions of the parties.   Baron Parke thus states the rule of law upon this subject : " No precise words are necessary to constitute a covenant ; provided we are able to collect an agreement by the parties that a certain thing shall be done, that will be sufficient to enable us to say that a covenant is created.   But we must be satisfied that the language does not merely show that the parties contemplated that the thing might be done, but it must amount to a binding agreement upon them that the thing shall be done."   *James* v. *Cochrane*, 7 Exch. 170 ; *S. C.* 8 Exch. 556.   When parties have entered into an engagement with express stipulations, the presumption is that they have expressed all the conditions by which

they intend to be bound, and we cannot extend their covenants by implication, unless the implication is clear and undoubted. *Aspdin* v. *Austin*, 5 Q. B. 671. *Rashleigh* v. *South Eastern Railway*, 10 C. B. 612.

Applying these principles to the case at bar, we are of opinion that no implied covenant such as the plaintiff contends for can be created by construction. The premises leased were not a brick yard in operation, equipped for work, but barren, unoccupied land. The parties did not know the amount of clay on the land, nor whether brick could be made on the land at a profit; for the lease contains a clause, that, if the clay on the premises should be exhausted before the lease expired, the lessee might use adjoining land to procure clay. The lease, applied to the subject matter, furnishes indications that the parties regarded the enterprise as experimental, and that any stipulation binding the lessee to work the yard was purposely omitted. This view is fortified by the phraseology of the supplemental agreement upon which the plaintiff relies. In that he agrees with the assignee, " that, if he shall take an assignment of the lease aforesaid and proceed to manufacture bricks upon the premises covered thereby, then I will receive as rent . . . . twenty cents for each thousand bricks manufactured;" and "if clay pipe is manufactured upon the said premises, or if any other articles are manufactured from the clay thereon," the rent shall be determined in a manner which is stated. This tends to show that the parties did not have in their minds an established business, certain to be carried on, but that the use of the land and whether brick or other articles could be manufactured were regarded as experimental and doubtful. The more reasonable implication seems to us to be that it was the understanding of the parties that the lessor took the risk of the lessee's manufacturing brick, and intended to make the rent dependent upon the success of an experiment. We are therefore of opinion that the plaintiff cannot maintain this action. ·        *Exceptions overruled.*