### JOHNSON, Appellant, v. SNOW et al.

**Division One, February 22, 1907.**

**FIRE-ESCAPE: Owners Liable: Common Law.** For failure to erect fire-escapes to a hotel, in the manner prescribed by statute, not only the keeper, but the owner, is liable to a lodger in such hotel, for injuries due to a failure to erect such fire-escapes. The statute was designed to hold liable those who at common law were not liable, and the liability of a defendant is not to be determined by the rules of the common law in such cases, but by the statute itself, which makes it "the duty of the owner, proprietor, lessee or keeper of every hotel," etc., "to provide said structure with fire-escapes."

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

REVERSED AND REMANDED.

*Ernest E. Wood* for appellant.

(1) The obligation to erect fire-escapes is upon all of the parties named in the statute, but primarily upon

the owner. The Legislature meant the owner of the building and not the owner of the business, as the building and not the business is spoken of in the statute. (2) The statute in section one places the duty of erecting fire-escapes upon the same person or persons for buildings already erected as it does upon buildings to be erected in the future. It must be the duty of the owner of the buildings in the future to erect necessary fire-escapes. Section one of the statute places the duty of erecting exterior stairways or fire-escapes upon the same person or persons as it does the interior stairways and, therefore, primarily upon the owner or owners of the building. (3) The terms of statute make the fire-escape a part of construction of the building itself. A fire-escape, from its very nature, is a part of the building. It is, therefore, primarily the duty of the owner to erect it when necessary. The statute says they must be stationary and made of iron. The statute calls for stair fire-escapes, "constructed so as to be placed on a blank wall," with balconies to reach the opening doors or windows. No tenant would be called upon to build such an improvement on his landlord's property. (4) Under defendants' contention, that the person in charge alone is liable, neither the owner nor his lessee would be necessarily liable, as both might have the business in charge of some other person. (5) Even if defendants' contention were true in an ordinary case, it cannot be true in this case, as the defendants leased the building as a hotel and thereby made it a hotel. In their lease they forbade the lessee from making any changes or alterations, commanded them to return the building over at the expiration of the lease as it was at the time of the lease, and reserved the right of entry. (6) Under the general law of landlord and tenant, the exterior fire-escape is such an improvement as the landlord is called upon to make. 2 Wood on Landlord and Tenant (2 Ed.), sec. 38; 2 Shearman & Redfield on Negligence (5 Ed.), 702 A; 1 McAdam on Landlord and

Tenant (3 Ed.), 440; Landgraf v. Kuh, 189 Ill. 490; Abraham v. Bank, 16 N. Y. 750; McLaughlin v. Armfield, 58 Hun 376. A tenant would not dare make such an alteration in a building. The fire-escape changes the appearance and value of a building and also the use to which it may be put. The owner receives the benefit of the improvement as the fire-escape remains on the building after the tenant departs. He should, therefore, erect it. It is unreasonable to impose upon a tenant the duty of erecting a part of the landlord's building. (7) Under similar statutes most of the courts of other States have held that it is the primary duty of the owner or owners to erect the fire-escapes. Cases directly in point: Landgraf v. Kuh, 188 Ill. 490; Abraham v. Bank, 16 N. Y. 750; McLaughlin v. Armfield, 58 Hun 376; Sewall v. Moore, 166 Pa. St. 570; In re Fire Escape v. Railroad, 298. Some other cases not so directly in point are: Weily v. Mulledy, 78 N. Y. 310; Pauley v. Steam Gauge & Lantern Company, 131 N. Y. 90; Gorman v. McArdle, 67 Hun 484; Huda v. American Glucose Company, 154 N. Y. 474; Schwander v. Birge, 46 Hun 68; McAlpin v. Powell, 70 N. Y. 126; Rose v. King, 49 Ohio St. 213; Jetter v. Railroad, 2 Abb. App. 598. Cases to the contrary: Schott v. Harvey, 105 Pa. St. 227; Lee v. Smith, 42 Ohio St. 458. (8) Division No. 2 of the Supreme Court has decided that the primary duty to erect fire-escapes under the statute in question is upon the owner of the building. Yall v. Snow, 201 Mo. 511.

*Collins & Chappell* for respondents.

(1) There is no duty under the common law upon any one to equip a building with fire-escapes. Pauley v. Steam Gauge & Lantern Co., 131 N. Y. 90; Jones v. Granite Mills, 126 Mass. 84; Keith v. Granite Mills, 126 Mass. 90; Schmalzreid v. White, 97 Tenn. 36; 13 Am. and Eng. Ency. of Law (2 Ed.), 82, and note 1. (2)

Section 9037, Revised Statutes 1899, has no application to this case. Yall v. Gillham, 86 S. W. 125. (3) Under the statute the duty of providing outside fire-escapes is imposed only upon the person who has the control, possession and occupancy of the building. Laws 1901, p. 219. (a) Statutes are to be construed with reference to the common law. Endlich on Interpretation of Statutes, sec. 127. A penal statute is to be construed strictly. Huies v. Railroad, 95 N. C. 434. The same rule of strict construction applies to statutes creating rights or fixing liabilities where none would otherwise exist, and to all statutes in derogation of the common law. Wilbur v. Crane, 13 Pick. 290; Rogers v. Currier, 13 Gray 139; West v. Railroad, 63 Ill. 545; Townsend v. Wilbur, 88 Ill. 197; Williams v. Vanderbilt, 145 Ill. 238; Dean v. Railroad, 119 N. Y. 540; Sutherland on Construction of Statutes, 374. (b) The liability is several and not joint and is imposed upon only one of the classes enumerated in the act. Schott v. Harvey, 105 Pa. St. 122. (c) At common law the duty to keep premises in a safe condition is upon the person in occupancy and control. Murray v. Richard, 52 Hun 613; Keating v. Stevenson, 21 N. Y. App. 837; Railroad v. Walker, 45 Ohio St. 577; Kent v. Rogers, 44 Conn. 291; Proctor v. Railroad, 64 Mo. 112; Lee v. Smith, 42 Ohio St. 459; Burns v. Fuchs, 28 Mo. App. 279; Gibson v. Perry, 29 Mo. 247; O'Neil v. Flanagan, 64 Mo. App. 87. (d) The act cannot and is not intended to apply to one who cannot comply with its requirements. Maker v. Slater Mill & Powder Co., 1 N. E. 176. (e) Section 4 of the act itself indicates that it was the person in possession or control of buildings erected prior to the passage of the act upon whom the duty of erecting fire-escapes was imposed. (f) The statutes and decisions of other States reviewed: Willey v. Mulleby, 78 N. Y. 310; Pauley v. Steam Gauge & Lantern Co., 131 N. Y. 90; Gorman v. McArdle, 67 Hun 484; Huda v. American Glucose Co., 154 N. Y. 474; McLaughlin v. Arm-

field, 58 Hun 376; Lee v. Smith, 42 Ohio St. 458; Grant v. Slater Mill & Powder Co., 14 R. I. 380; McCulloch v. Ayer, 96 Fed. 178; Landgraf v. Kuh, 188 Ill. 484; Schott v. Harvey, 105 Pa. St. 222. (4) The act relied on is uncertain, and therefore void. (5) The terms of the lease do not impose upon the owner of the fee the duty of erecting fire-escapes.

WOODSON, J.—This is a suit which was instituted by appellant in the circuit court of the city of St. Louis to recover the sum of twenty thousand dollars for personal injuries, alleged to have been caused by the negligence of the respondents.

The petition stated, substantially, that the respondents were the owners of a building in the city of St. Louis, three stories in height, with basement and attic; that on July 25, 1899, respondents rented the building to William and Catherine Gillham for hotel purposes; that the Gillhams took possession of the building, and were engaged in the hotel business in the same on the 9th day of February, 1902; that on said day appellant was a lodger in said hotel and occupied a room on the third floor; that on the night of February 9th a fire broke out in said hotel, and appellant attempted to escape therefrom, in the ordinary mode, but being unsuccessful, he jumped from his room to the ground, and received the injuries complained of; and that there were no fire-escapes on said building.

Appellant bases his right of recovery upon the ground that respondents negligently failed to erect the fire-escapes, and on that account he was injured.

To the petition respondents filed a demurrer on the ground that the owners of a leased building were not liable in the cause. The circuit court sustained the demurrer, and the appellant duly prosecuted his appeal to this court.

I. Section 1 of the Act of 1901, regarding fire-escapes, in part, provides as follows:

"It shall be the duty of the owner, proprietor, lessee, or keeper of every hotel  .  .  .  in the State of Missouri  .  .  .  .  which has a height of three or more stories to provide said structure with fire-escapes attached to the structure of the building and by staircases located on the interior of the building." [Laws 1901, p. 219.]

The contention of the respondents is that the duty imposed by this act is not enjoined upon each and all of the persons or class of persons named, but upon one of them, to be determined according to each particular case; and that the common law must be resorted to in each case to ascertain who is liable for such an injury in case of fire. If we look to the common law to find who is responsible for such an injury, we find that the person who was in the occupancy and control of the building was alone liable. If the act meant to leave the liability where the common law placed it, then why were the words "owner, proprietor, lessee or keeper" used? If that was the meaning of the Legislature, it seems to us the duty would have been imposed either without naming anyone, and let the common law fix the responsibility upon the proper person or persons, or it would have imposed the duty upon the occupant in express terms. The use of the word "owners" in the act indicates clearly that the Legislature meant to impose the duty upon more persons than the occupant alone. A person may be the owner of a hotel building, as was the fact in this case, and still not be the occupant or keeper thereof. According to respondents' contention, before the owner would be liable he would also have to be in the possession and control of the building at the time of the fire. Such a construction would be equivalent to striking out of the act the word owners and inserting in lieu thereof the words "the occupant or keeper," neither of which has the same meaning as the word owner. They are not synonymous. Under such a construction the owner would never be liable except

when he also had the possession and control of the building at the time óf the fire.

The act does not impose a conditional liability upon the owner, conditioned upon his being in possession of the building at the time of the injury, but an absolute liability, and the same language is used in fixing the liability upon the proprietor, lessee and keeper.

We are clearly of the opinion that the Legislature, by that act, meant to impose the duty of providing the fire-escapes upon all the parties therein designated, severally and not jointly. The State had no choice as to which of the designated parties should perform the duty imposed, but left that to be determined or settled among the parties interested in the property; and if anyone of them erected the escapes according to the statute, then all of them were discharged from all liability; but, upon the other hand, until some one or all of them complied with the mandate of the law, all remained liable for its violation.

The many disastrous conflagrations, in hotels and other public buildings, crowded with human beings, which resulted in such frightful loss of life, about the time of the passage of this statute, show the salutary purpose the Legislature had in mind, and the purpose of its enactment. It was the intention to put a stop, in the future, to those appalling occurrences, by imposing the responsibility of erecting fire-escapes upon all parties interested in or who controlled the property. The Legislature intended to leave no doubt as to whose duty it should be to discharge that duty to the public by naming all parties who owned or had dominion over the property, as above stated.

But why discuss this question further? Division No. 2 of this court has recently construed this same act in passing upon another injury growing out of this same fire. [Coutant v. Snow, 201 Mo. 527; and Yall v. Snow, 201 Mo. 511.] We can add but little or nothing to the strong and lucid reasons there given, by

Judge GANTT, for holding the owners of the building liable for that injury complained of.

Wherefore, the judgment of the circuit court is reversed and the cause remanded for trial.

All concur.