## COUTANT v. SNOW et al., Appellants.

### Division Two, March 5, 1907.*

1. **NEGLIGENCE:** Hotel: Fire-Escapes. For the reasons given in Yall v. Snow, *ante*, p. 511, the judgment in this case is affirmed, the point being that the proprietor as well as the keeper of a hotel is liable to guests whose injuries are due to a failure to erect fire-escapes as the statutes requires.

2. **NONSUIT:** Surprise. If there is nothing in the record indicating an abuse of the court's discretion in setting aside an involuntary nonsuit, which was done on the ground of surprise, supported by the affidavit of plaintiff's counsel, the action of the court will be approved.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Collins & Chappell* for appellants.

The trial court erred in setting aside the nonsuit for the reason that plaintiff did not use due diligence in preparing the case for trial. Howell v. Howell, 37 Mo. 124.

*Ernest E. Wood* for respondent.

The appellate court will not interfere with the discretion of the trial court in setting aside the nonsuit.

GANTT, J.—This is an appeal from an order of the circuit court of the city of St. Louis, setting aside an involuntary nonsuit which plaintiff had suffered at the March term, 1903, of the said court. The action is for damages occasioned by the death of plaintiff's hus-

---

* Decided December 22, 1906. Motion for rehearing filed. Motion overruled March 5, 1907.

band, by the burning of the buildings Nos. 2700 and 2702 Olive street in St. Louis on the 9th day of February, 1902.

The petition is in all respects, save and except the party plaintiff, and her deceased husband, exactly like that in Yall v. Snow, *ante,* p. 511, the opinion in which case has been handed down to-day. The answer is practically the same in both cases. The same principles of law must govern in each. Outside of the questions considered and decided in Yall v. Snow, is the propriety of the circuit court's action in setting aside the nonsuit, and reinstating the case. This was done upon the ground of surprise, supported by the affidavit of plaintiff's counsel, and was a matter within the wise discretion of the circuit court. We find nothing indicating an abuse of the discretion of that court and for the reasons assigned in Yall v. Snow, the judgment of the circuit court in setting aside the nonsuit and reinstating the cause is affirmed.

*Burgess, P. J.,* and *Fox, J.,* concur.