## FREDERICK G. ZEIBIG, Trustee, Appellant, v. PFEIFFER CHEMICAL COMPANY, Respondent.

### St. Louis Court of Appeals, October 1, 1910.

1. **LANDLORD AND TENANT: Constructing Fire Escapes: Duty of Landlord: Statute.** So far as the general public is concerned, under the statute declaring it to be the duty of the owner or lessee of every building used as a business place, having a height of three or more stories, to provide outside fire escapes (Laws 1901, page 219, as amended by Laws 1903, page 251), the obligation to construct fire escapes rests upon the owner and the lessee of such a building; but as between the owner and the lessee, in the absence of a contract, the duty of constructing fire escapes on such buildings rests primarily upon the owner.

2. ——: ——: ——: ——. Though at common law the burden of repairing demised premises rests on the tenant, and, in the absence of a covenant, the landlord is not required to construct appurtenances nor repair the premises, after placing them in the possession of the lessee, the landlord is required to construct permanent improvements or fixtures, such as fire

escapes, where the duty is enjoined by a statute such as the Act of 1901, p. 219, as amended by the Act of 1903, p. 251, requiring the owner, proprietor, lessee or keeper of a three-story business building to equip it with fire escapes.

3. ———: ———: Implied Covenants. The mere fact that a tenant leased property for business purposes with knowledge that a fire escape required by statute had not been constructed will not imply a covenant that he should assume the burden of constructing a fire escape, for implied covenants in leases are such only as the law raises from the relation of the parties or from the use of certain terms in establishing that relation.

4. ———: Leases: Express Covenants. Express covenants in leases are those which are created by the written words of the parties declaratory of their intention, and while no precise or technical language is necessary to create a covenant, it is essential for the court to ascertain from the language used a clear intention of the parties to agree about the particular subject-matter, before an express covenant may be deduced and declared to exist.

5. ———: ———: ———: Construction. Express covenants in a lease are to be interpreted so as to effect the obvious intent of the parties as collected from the entire instrument and are to be construed more strictly than those that are implied, for, when parties have entered into an agreement with express stipulations touching a particular subject-matter, it is presumed that they have expressed all of the conditions by which they intend to be bound, and the courts will not extend such covenants by interpretation, unless the implication is clear and undoubted.

6. ———: Constructing Fire Escapes: Duty of Landlord: Provisions of Lease Construed. A covenant in a lease of a business building more than three stories high that the premises should be kept in good order and repair, free from any nuisance or filth on or adjacent thereto, at the expense of the lessee, and should be used by the lessee and all persons occupying the same in compliance with and subject to all laws and ordinances of the city of St. Louis and the State of Missouri, was a restrictive covenant governing the use of the property only, and did not impose on the tenant the duty of erecting fire escapes on the outside of the building, as required by the Act of 1901, page 219, as amended by the Act of 1903, page 251.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

AFFIRMED.

*George W. Lubke* and *George W. Lubke, Jr.,* for appellant.

(1) By the express language of the lease, defendant is to use the leased premises for general business purposes; and as lessee the defendant also agreed to keep the premises in good order and repair at the lessee's expense and in using the premises to conform to and observe all laws or ordinances of the city of St. Louis and State of Missouri. This language of the lease amounts to an express agreement on the part of the defendant to put the fire escape on the building. Taylor on Landlord and Tenant, vol. 1, sec. 246-249. (2) Under the Act of 1903, the duty is cast upon the owner and tenant alike to construct fire escapes. Johnson v. Snow, 201 Mo. 450; Yall v. Snow, 201 Mo. 511; Constant v. Snow, 201 Mo. 527; Session Acts 1901, p. 219; Session Acts 1903, p. 251. (3) Where the landlord is subjected to additional outlay because of the manner in which the leased building is used, he is entitled to recover therefor from the tenant. Deforest v. Byrne, 1 Hilton 43; 1 Taylor on L. and T., sec. 416, 522, 523. There is an implied obligation that the tenant will use the leased premises in such a way as to cause no damage to the landlord. Hence, where his use of the premises results in a loss to the landlord or require him to make an outlay, the tenant must make good this loss. Werder v. Henry, 117 Mo. 544-545.

*Walter B. Douglas* for respondent.

(1) The Missouri law as to fire escapes is this: (a) As between persons injured in buildings which the law requires to be provided with fire escapes and which requirement was not complied with, both owner and tenant are liable to make compensation for the injury. (b) As between the state and the owner and the tenant, in a proceeding based upon

failure to erect fire escape, both owner and tenant are liable. (c) As between the owner and the tenant the duty to provide fire escapes rests upon the owner. Yall v. Snow, 201 Mo. 511; Arms v. Ayer, 192 Ill. 601. (2) There was no agreement between the parties in this case which shifted the duty to provide a fire escape from where it is placed by the law. Ivers v. Elwes, 3 Drew. 25; Rawlins v. Briggs, L. R. 3 C. P. D. 368; Sheets v. Selden, 7 Wall. 416. (3) There is no duty on the tenant in this case to provide a fire escape growing out of any use it has made of the premises. (a) No change in the use of the premises has been made by the appellant. (b) The appellant has made that use and only that use of the premises to which it is restricted by the lease. Leavitt v. Allen, 10 Allen 119; Riley v. Pettis County, 96 Mo. 318; Piper v. Fletcher, 115 Iowa 263; Nugent v. Railroad, 80 Me. 62; Reams v. Taylor, 120 Am. St. Rep. 930; Edwards v. Railroad, 98 N. Y. 245.

NORTONI, J.—This is a suit by a landlord against his tenant for the value of a fire escape constructed by the landlord on the demised premises during the term of the lease. The finding and judgment were for defendant and plaintiff prosecutes the appeal.

Plaintiff is trustee under the will of Pierre Chouteau, Jr., and as such possesses the legal title to the demised premises. It appears that by an instrument of writing duly executed between the parties plaintiff leased and demised to defendant a certain four story brick building situate at the northwest corner of the levee and Vine street in the city of St. Louis, for a term of five years and eight months from the first day of June, 1906. The lease requires defendant, which is a business corporation, to occupy the premises for business purposes only and it appears they were so occupied by other tenants immediately before. There is no express agreement to be found in the lease which requires the tenant to construct a fire escape on the building un-

less such a covenant is contained in obscure language to be hereafter adverted to.

After defendant had occupied the premises under the lease for several months, the authorities notified both plaintiff, the owner, and defendant, the tenant, to construct a fire escape thereon in accordance with the statute requiring the same. Both plaintiff and defendant declined to do so, each insisting that the law fixed the duty upon the other. After some controversy about the matter, plaintiff and one of defendant's officers were both informed against by the prosecuting attorney in the court of criminal correction as for a misdemeanor for their failure to construct the fire escape in accordance with the statute. In order to obviate further annoyance and prosecution about the matter, plaintiff induced the dismissal of the criminal proceedings by constructing the fire escape on the building, for which he paid two hundred and twenty-seven dollars, and thereupon instituted this suit to recover from defendant the amount so expended as though he had paid out the amount mentioned for its use and benefit.

Our statute (Laws of Missouri 1901, p. 219, as amended; see Laws of Missouri 1903, p. 251; see An. St. 1906, sec. 9053-1) declares:

"It shall be the duty of the owner, proprietor, lessee or keeper of every . . . . building . . . . which is used as a business place . . . . which has a height of three or more stories to provide said structure with fire escapes attached to the exterior of said building, etc., etc."

It thus appears that in so far as the general public is concerned, the law lays an obligation against both the owner and lessee to construct fire escapes. [Johnson v. Snow, 201 Mo. 450, 100 S. W. 5; Yall v. Snow, 201 Mo. 511, 100 S. W. 1; Contant v. Snow, 201 Mo. 527, 100 S. W. 5.] But as between the owner and the lessee, aside from any contract, the obligation of the law is not identical with that which obtains with refer-

ence to the public, for in such circumstances the duty of constructing the fire escape rests primarily upon the owner of the property. The question has been pointedly decided by the Supreme Court in Yall v. Snow, 201 Mo. 511, 524, 525, 100 S. W. 1. It is true, as a general proposition, that by the common law the burden of repairs on the demised premises rests upon the tenant, and, unless he covenants to do so, the landlord is not required to construct appurtenances nor repair the premises after having placed them in the possession of the lessee. [1 Taylor on Landlord and Tenant (9 Ed.), secs. 327, 328; Ward v. Fagin, 101 Mo. 669, 14 S. W. 738; Herdt v. Koenig, 137 Mo. App. 589, 594, 119 S. W. 56.]

But to this general rule there is a well established exception which obtains with respect to the construction of such permanent improvements or fixtures as fire escapes, where the duty is enjoined by a positive statute, as here. The doctrine which obtains as to this matter is thus stated by McAdam on Landlord and Tenant, vol. 1 (3 Ed.), 440:

"To the general rule that the landlord is under no obligation to repair except by force of an express covenant there is one exception. If a statute makes it the duty of a landlord to repair in any particular, such repairs must be made by him in the absence of an agreement by the tenant to make them. Thus, where a city charter imposes upon the owner of tenement houses the duty of keeping fire escapes attached thereto in repair, it is the duty of the owner to keep the fire escapes in such repair that they will be suitable for the purpose designed. It is not within the range of ordinary repairs which a tenant, in the absence of an agreement to the contrary, is required to make. [McAlpin v. Powell, 70 N. Y. 126; s. c., 26 Am. R. 555; Willy v. Mulledy, 78 N. Y. 310; 6 Abb. N. C. 97.]" See, also, 2 Wood on Landlord and Tenant (2 Ed.), sec. 381, to the same effect. That the doctrine above stated is the law of this state is obvious from the remarks of the court and citation of

authorities in Yall v. Snow, 201 Mo. 511, 521, 524, 525, 100 S. W. 1. It thus appears that as between the plaintiff owner and the defendant lessee the obligation to construct the fire escape primarily obtains against the owner of the property and no recovery may be had against the defendant on account thereof unless it covenanted to do so. The mere fact that defendant leased the premises for business purposes with knowledge that the fire escape which the law required had not been constructed will not imply a covenant to the effect that it should assume the burden suggested; for implied covenants in leases are such only as the law raises from the relation of the parties or from the use of certain terms in establishing that relation. [1 Taylor on Landlord and Tenant (9 Ed.), sec. 252; 1 McAdam on Landlord and Tenant (3 Ed.), pp. 362, 364, secs. 113. 114.]

But it is said that the lease contains an express covenant by which the duty to construct the fire escape is assumed by the defendant. The express covenant relied upon is as follows:

"The said premises shall be kept in good order and repair, and free from any nuisance or filth upon or adjacent thereto, at the expense of said lessee and shall be used by said lessee, and by all persons occupying the same, in compliance with and subject to all laws or ordinances of the said city of St. Louis and State of Missouri." Of course, there are no words contained in this covenant which in express terms refer to the fire escape, but it is argued as the statute requires fire escapes to be constructed on buildings more than three stories in height occupied for business purposes, the lessee knew at the time of executing the lease that an occupation of the premises without constructing fire escapes thereon would render it amenable to the penalty of the statutes in such cases made and provided. As to this matter, the same may be said of the plaintiff, for the statute levels its penalties against the owner of the building who omits to construct the fire escape as well as against the

lessee. Besides, the primary duty of construction rests upon the owner. However, a proper disposition of the case must turn upon the construction of the covenant quoted, for unless defendant assumed an obligation therein to construct the fire escape, then none obtains against it as between it and the owner. Express covenants in leases are those which are created by the written words of the parties declaratory of their intention, and it is true no precise or technical language is necessary for the purpose of creating a covenant. But in every case it is essential for the court to ascertain from the language used a clear intention of the parties to. agree about the particular subject-matter before an express covenant may be deduced and declared to exist. [1 Taylor on Landlord and Tenant (9 Ed.), sec. 246; Smiley v. McLauthlin, 138 Mass. 363, 364, 365.] The rule of construction which obtains with regard to express covenants in leases requires them to be interpreted according to the obvious intention of the parties as collected from the whole context of the instrument and in consonance with the reasonable sense of the words employed. Furthermore, such express covenants are to be construed more strictly than those which are implied, for when parties have entered into an agreement with express stipulations touching a particular subject-matter, it is presumed that they have expressed all of the conditions by which they intend to be bound, and the courts will not extend their covenants by interpretation unless the implication is clear and undoubted. [1 Taylor on Landlord and Tenant (9 Ed.), sec. 256; 1 McAdam on Landlord and Tenant (3 Ed.), p. 364; Smiley v. McLauthlin, 138 Mass. 363, 364, 365.]

When we give attention to all of the relevant provisions of the lease to the end of ascertaining the intention of the parties with respect to the matter now in judgment, it is clear that plaintiff's theory is not aided by the mere fact defendant leased the premises for business purposes, for by the very terms of the lease plain-

tiff required a covenant from it to so occupy them. The covenant is that the premises shall not be used or occupied for any purpose other than that of general business purposes without the written consent of the lessor. From this it is obvious that the use of the premises by defendant no more occasioned the necessity for a fire escape than did the act of plaintiff which required a covenant that they should be so used. However, this thought is really beside the question of construing the covenant above quoted but it is advanced in the briefs as proper matter for consideration in interpreting the intention of defendant, for it is said it devoted the premises to a use which brought them within the pale of the statute requiring the construction of a fire escape. When the covenant relied upon is carefully scrutinized, we believe there are no words therein contained which signify an intention on the part of defendant to assume the burden of constructing a fire escape on the building. The substance of the agreement contained in the covenant is that the lessee will keep the premises free from any nuisance or filth at its expense and use the same in compliance with and subject to all laws or ordinances of the city of St. Louis and State of Missouri. As suggested in the brief, this covenant is as to the manner in which the premises shall be kept and used. It is therefore a restrictive covenant. Instead of affording evidence of an intention to do anything, it implies an intention not to do. Defendant agrees not to devote the premises to a *use* other than that which complies with the laws of the state and the ordinances of the city. Upon recalling that express covenants in leases are to be construed in the light of the presumption that parties entering into an express agreement about a particular subject-matter will employ language signifying a clear and undoubted intention with respect to the same, it is obvious that we are unable to interpret the covenant referred to as one requiring defendant to construct a fire escape. No word suggestive of a fire

escape is contained in the covenant and had the parties contemplated this important permanent structure, the duty to construct it could have been affixed against defendant by the insertion of but two or three words.

The judgment should be affirmed. It is so ordered. All concur.